UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-60399-WPD

**MORGAN RYDER,**

    **Plaintiff,**

**v.**

**TRUEACCORD CORP.,**

    **Defendant.**

    _____/

**JOINT SCHEDULING REPORT**

    Plaintiff Morgan Ryder and Defendant TrueAccord Corp. (collectively, the "Parties") submit this Joint Scheduling Report and request that this case be assigned a *standard* Case Management Track.

**CONFERENCE REPORT**

**(A)**    **LIKELIHOOD OF SETTLEMENT**

    The Parties agree to keep settlement discussions open.

**(B)**    **LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES**

    The Parties do not anticipate the appearance of any additional plaintiffs or defendants.

**(C)(i)**    **PROPOSED DEADLINE TO AMEND OR JOIN ADDITIONAL PARTIES**

    The Parties propose: October 2, 2024

**(C)(ii)**    **PROPOSED DEADLINE TO FILE DISPOSITIVE MOTIONS**

    The Parties propose: February 5, 2025

**(C)(iii)**  **PROPOSED DEADLINE FOR COMPLETION OF DISCOVERY**

    The Parties propose: January 8, 2025

(D)     PROPOSALS FOR THE FORMULATION AND SIMPLIFICATIONS OF ISSUES

The Parties agree to cooperate in trying to simplify the issues through discovery.

(E)     LIKELIHOOD OF AMENDMENTS TO THE PLEADINGS

Plaintiff does not anticipate amending the pleadings. Defendant anticipates potentially amending its affirmative defenses.

(F)     POSSIBILITY OF FACTUAL AND/OR DOCUMENT ADMISSION(S) TO AVOID UNNECESSARY PROOF

The Parties will seek and obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on the authentication of relevant documents and reserve arguments as to the interpretation of such documents. At this time, there is no need for any advance rulings with respect to the admissibility of evidence.

(G)     SUGGESTIONS OF THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE

The Parties shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

(H)     REFERRING MATTERS TO A MAGISTRATE JUDGE

The Parties agree to referring discovery disputes and other non-dispositive matters, such as motions for attorneys' fees, to a Magistrate Judge.

The Parties do not consent to having this case tried before a magistrate judge of this Court, but agree to refer non-dispositive matters to a magistrate.

(I)     ESTIMATE OF THE TIME REQUIRED FOR TRIAL

The Parties believe that trial will take 3 days.

(J)     REQUESTED DATE FINAL PRETRIAL CONFERENCE AND TRIAL

The Parties request that the final pretrial conference be scheduled for August 26, 2025, with the two-week trial period beginning on September 1, 2025.

(K)     ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT

## DISCOVERY PLAN

(A) <u>TIMING, FORM, AND/OR REQUIREMENT OF RULE 26(A) DISCLOSURES</u>

The Parties do not believe any changes should be made to the required disclosures. The Parties propose that the Parties provide Initial Disclosures on or before June 26, 2024.

(B) <u>DISCOVERY SUBJECTS, COMPLETION DATE, AND/OR LIMITATIONS</u>

Plaintiff anticipates discovery will be needed with respect to: Plaintiff anticipates discovery will be needed with respect to: [1] the identity of persons Defendant communicated with in violation of Fla. Stat. § 559.72(17) and 15 U.S.C. § 1692c(a)(1); and [2] the reasonable procedures Defendant failed to maintain in violation of Fla. Stat. § 559.72(17) and 15 U.S.C. § 1692c(a)(1).

The Parties do not believe discovery should be conducted in phases or limited to any specific issues.

(C) <u>ISSUES CONCERNING ELECTRONICALLY STORED INFORMATION</u>

The Parties will produce documents in electronic format, specifically, PDF.

(D) <u>ISSUES CONCERNING DISCLOSURE OF PRIVILEGED INFORMATION</u>

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.

(E) <u>CHANGES AND LIMITATIONS ON DISCOVERY</u>

The Parties do not seek any changes to the limitations on discovery imposed by the Rules.

(F) <u>NEED FOR ORDERS WITH RESPECT TO RULE 26(c), RULES 16(b) AND (c)</u>

The Parties anticipate they may require a Protective Order to limit the dissemination of confidential, proprietary, and/or trade secret materials produced by the Parties in this litigation. If a Protective Order is necessary, the Parties will submit a proposed Protective Order for entry by the Court. Should the Parties be unable to agree on such an Order, they may request the Court's assistance.

Respectfully Submitted,

/s/ Gerald D. Lane Jr.            .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*


**/s/ John M. Marees, II**
John M. Marees, II, Esq.
Florida Bar No.: 69879
E-mail: jmarees@messerstrickler.com
Messer Strickler, Ltd.
12276 San Jose Blvd Ste 718
Jacksonville, FL 32223-8674
904/527-1172
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Gerald D. Lane Jr.
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677